CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

December 03, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY SLUSS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:24-cv-00723 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SWRJ-HAYSI, | ) |     Chief United States District Judge |
|     Defendant. | ) | |

| | | |
|---|---|---|
| GARY SLUSS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:24-cv-00724 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SWRJ-HAYSI, | ) |     Chief United States District Judge |
|     Defendant. | ) | |

| | | |
|---|---|---|
| GARY SLUSS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:24-cv-00725 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SWRJ-HAYSI, | ) |     Chief United States District Judge |
|     Defendant. | ) | |

| | | |
|---|---|---|
| GARY SLUSS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:24-cv-00739 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SWRJ-HAYSI, | ) |     Chief United States District Judge |
|     Defendant. | ) | |

| | | |
|---|---|---|
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00755<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00756<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00766<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00779<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00780<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

| | | |
|---|---|---|
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00781<br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00789<br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00790<br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00802<br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00803<br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

| | | |
|---|---|---|
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00804<br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00808<br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00809<br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00811<br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00817<br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

| | | |
|---|---|---|
| GARY SLUSS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:24-cv-00818 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SWRJ-HAYSI, | ) |     Chief United States District Judge |
|     Defendant. | ) | |

| | | |
|---|---|---|
| GARY SLUSS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:24-cv-00819 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SWRJ-HAYSI, | ) |     Chief United States District Judge |
|     Defendant. | ) | |

| | | |
|---|---|---|
| GARY SLUSS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:24-cv-00826 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SWRJ-HAYSI, | ) |     Chief United States District Judge |
|     Defendant. | ) | |

| | | |
|---|---|---|
| GARY SLUSS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:24-cv-00839 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SWRJ-HAYSI, | ) |     Chief United States District Judge |
|     Defendant. | ) | |

| | | |
|---|---|---|
| GARY SLUSS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:24-cv-00840 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SWRJ-HAYSI, | ) |     Chief United States District Judge |
|     Defendant. | ) | |

| | | |
|---|---|---|
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00841<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00842<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00843<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |
| GARY SLUSS,<br>    Plaintiff,<br><br>v.<br><br>SWRJ-HAYSI,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00844<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Beginning in early October, 2024, the plaintiff, Gary Sluss, has filed 31 lawsuits in this judicial district, including those that are captioned above. The plaintiff is a Virginia prisoner proceeding *pro* se, and in all of his lawsuits, plaintiff has not paid the filing fee but has sought leave to proceed *in forma pauperis*.

Based on court records, at least three of Sluss's previous actions have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Sluss may not proceed with any more cases unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaints, however, fail to allege any imminent danger of serious physical injury. For this reason, the court will dismiss these complaints.

The court will not discuss every case, but the court has reviewed them all and none of them meet the above-stated standard. By way of example, in Case No. 7:24-cv-724, plaintiff alleges that he has been denied a certain diet that he requires based on his religious beliefs. In Case No. 7:24-cv-781, Sluss claims that certain unnamed prison guards are spreading rumors at the jail about him. And in Case No. 7:24-cv-819, plaintiff claims that he was without a blanket or a mat for three days. None of these allegations come close to suggesting that plaintiff is under imminent danger of a serious physical injury. Moreover, all of these lawsuits are subject to dismissal for the reasons stated by the court in its prior dismissal orders—that plaintiff cannot sue a local jail, which is the only defendant named in the complaints,[2] and to the extent that plaintiff is intending to sue the Southwest Virginia Regional Jail Authority, plaintiff "has not cited any policy statement, ordinance, regulation, or official decision that resulted in the alleged violations . . ." Case No. 7:24-cv-705, Dkt. No. 7 at 2.

---

[1] *See* Case Nos. 7:24-cv-697, 7:24-cv-705, 7:24-cv-735.

[2] In one of the cases, 7:24-cv-817, plaintiff names the Dickenson County Courthouse as an additional defendant, but a courthouse is not a suable entity under Section 1983. *See Orme v. Charleston Police Dep't*, Case No. 2:22-cv-00092, 2022 WL 4373512, at *3 (S.D.W. Va. May 11, 2022).

Finally, it has become apparent that Sluss is abusing the legal system by serially filing lawsuits that relate to the day-to-day occurrences where he is incarcerated. "Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions or actions." *Gorbey v. Obama*, Civil Action No. 7:16-cv-00455, 2016 WL 7157989, at *2 (W.D. Va. Dec. 6, 2016). Frivolous or malicious filings can and will result in the imposition of a pre-filing review system, and if such a system is placed in effect, pleadings not filed in good faith and lacking substance will be dismissed as frivolous. If such writings persist, the pre-filing system may be modified to include an injunction from the filings, and monetary sanctions may be imposed. *See* 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11(b), (c). Plaintiff is hereby warned that continuing to file frivolous, malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction. *See Cromer v. Kraft Foods of N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004).

Because Sluss has neither prepaid the filing fees for these cases nor demonstrated that he is "under imminent danger of serious physical injury," the above-captioned matters are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

Entered: December 3, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge